1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                  **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 STEVEN ERIC WALKER, | Case No.:  20-cv-31 DMS (AGS) |
| 12                                      Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| 13 v. | |
| 14 UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, And All Actors, Agents, and Elected Officials Thereof, and Does 1 through 100 Respectively, | |
| 18                                   Defendants. | |

19
20          Before the Court is Plaintiff's Motion for Reconsideration of this Court's order
21 dismissing Plaintiff's Complaint for failure to state a claim.  (ECF No. 6.)  On January 6,
22 2020, Plaintiff filed a Complaint alleging that state and federal laws infringe on his Second
23 Amendment right under the United States Constitution to possess firearms for self-defense
24 despite his status as a convicted felon.  (Compl., ECF No. 1, at ¶ 1 & Conclusion.)  Plaintiff
25 contends that "defendants do not have any legitimate or rational government interest or
26 function in making laws which infringe upon [his] right to keep and bear firearms in the
27 defense of his home, family, life, or community regardless of his previous status."  (Mem.
28 & Auth. in Sup. of Compl., at 16.)  Plaintiff also submitted a motion to proceed *in forma*

1  *pauperis* (IFP).  (ECF No. 2.)  On April 24, 2020, the Court granted Plaintiff's Motion to

2  Proceed IFP pursuant to 28 U.S.C. § 1915(a) and *sua sponte* dismissed Plaintiff's

3  Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim under Ninth

4  Circuit and Supreme Court precedent upholding the constitutionality of laws that curtail

5  Second Amendment rights of convicted felons.  (Order, ECF No. 3, at 4.)  Plaintiff now

6  moves the Court to reconsider its earlier order.

## I.

## LEGAL STANDARD

9  Rule 59(e) allows for a party to submit a motion to alter or amend a judgment.  Fed.

10  R. Civ. P. 59(e).₁  "The purpose of Rule 59(e) is 'to allow the district court to correct its

11  own errors, sparing the parties and appellate courts the burden of unnecessary appellate

12  proceedings."  *Sanchez v. Davis*, --- F. Supp. ----, 2016 WL 1643468, at *1 (E.D. Cal. Apr.

13  26, 2016) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

14  In general, "there are four basic grounds upon which a Rule 59(e) motion may be

15  granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which

16  the judgment rests; (2) if such motion is necessary to present newly discovered or

17  previously unavailable evidence; (3) if such motion is necessary to prevent manifest

18  injustice; or (4) if the amendment is justified by an intervening change in controlling law."

19  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  "[A]mending a judgment

20  after its entry remains an extraordinary remedy which should be used sparingly."  *Id.*

---

1  Motions for reconsideration are also subject to Civil Local Rule 7.1(i)(1), which requires applications for reconsideration to "present to the judge … an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  Plaintiff, proceeding *pro se,* has not complied with the Local Rule but the Court excuses the failure and addresses the motion.

1  (internal quotation marks and citations omitted.)  Plaintiff appears to move the Court "to
2  correct manifest errors of law or fact upon which the judgment rests[.]"  *See id.*

3      "Manifest error is, effectively, clear error."  *Teamsters Local 617 Pension and*
4  *Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (citing *Ybarra*
5  *v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011)).  The Ninth Circuit has not defined "clear
6  error" for the purposes of a motion for reconsideration under Rule 59(e), (*Campion v. Old*
7  *Republic Home Protection Co., Inc.*, --- F. Supp. 2d ---, 2011 WL 1935967 at *1 (S.D. Cal.
8  2011)), but it is certainly a "very exacting standard."  *Id.*  "Mere doubts or disagreement
9  about the wisdom of a prior decision … will not suffice for this exception.  To be clearly
10 erroneous, a decision must strike us as more than just maybe or probably wrong; it must be
11 dead wrong."  *Id.* (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000) (internal
12 quotation marks omitted) (analyzing standard in the Fifth Circuit)).  Moreover, "the movant
13 must demonstrate a 'wholesale disregard, misapplication, or failure to recognize
14 controlling precedent.'"  *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th
15 Cir. 2000) (analyzing standard in the Seventh Circuit)).

## II.

## DISCUSSION

18      Here, Plaintiff contends the Court erred in its findings for several reasons: (1) by
19 categorizing him as a felon, even though "he is and has been a *law-abiding* citizen for
20 approximately 30 plus years, with the exception of one incident in April of 1990," has not
21 committed any crimes since April 27, 2020, and was paroled from prison because he
22 "earned his place back in society"; (2) by addressing the Complaint with regard to the rights
23 of felons, even though the Complaint did not "state anything about felons," but requested
24 an injunction to support the right of "law-abiding" citizens; (3) by using Plaintiff's
25 memorandum of points and authorities when addressing Plaintiff's claims; and (4) by
26 dismissing Plaintiff's case for failure to state a claim by relying on Ninth Circuit and
27 Supreme Court precedent when "stare decisis does not apply" and the cases relied on by

the Court were an "incorrect interpretation of the law." (*See* Mot. to Recon. ("Mot."), ECF No. 6, at 2–15) (emphasis in original.)  Plaintiff's arguments are addressed in turn.

A. Categorization as "Felon"

First, Plaintiff contends the Court was wrong to interpret his Complaint as it did, referring to Plaintiff as a "felon" seeking to vindicate his right to bear arms.  To that end, Plaintiff notes he never referred to himself as a "felon," but rather only stated he had "a *historical* conviction, but the *one-time* conviction does not now outweigh the fact[] that he is a law-abiding citizen and has been for over 30 years." (Mot. at 3) (emphasis in original). Accordingly, Plaintiff contends the Court should have used "judicial experience and common sense … to conclude that a one-time conviction when a person was 26 years old, does not rationally indicate a serious or major threat to public safety as age 56, after 30 plus years of law-abiding and conforming behavior." (*Id.*)  Unfortunately for Plaintiff, all that matters is that Plaintiff previously suffered a felony conviction that disqualifies him from possessing firearms under state and federal law.  There is no dispute that Plaintiff has suffered such a conviction.

Plaintiff admits in his Complaint that he was convicted of premeditated attempt murder with use of a firearm in violation of California Penal Code §§ 664, 187 and 189 on August 9, 1990, in California Superior Court, County of San Diego, Case No. CR113777. (Compl. at ¶ 3.)  For that offense, Plaintiff was sentenced to an indeterminate life term with the possibility of parole. (*Id.* at ¶ 4.)  Plaintiff served 22.6 years and was granted parole on June 26, 2012. (*Id.*)

Plaintiff contends he has been law-abiding since the time of his conviction and no longer poses a risk of danger to society. (*Id.*)  The Court commends Plaintiff for his rehabilitation and accepts as true for purposes of this motion his representation that he has been a law-abiding citizen for decades, is not a danger to others or to society, and now enjoys many constitutional rights, including the right to vote. (*See id.* at ¶¶ 5-7.)  But those facts, even if true, do not entitle Plaintiff to relief.  Under the law, Plaintiff's conviction,

standing alone—not whether Plaintiff is labeled a "felon" or has reformed—divests Plaintiff of his Second Amendment rights.

B. Law Abiding Citizens

Plaintiff contends he is not seeking to restore the right of "felons" to bear arms, but to restore the right of "law-abiding citizens" to bear arms. (Mot. at 2-3.) This distinction does not assist Plaintiff. Individuals who have a prior felony conviction like Plaintiff's, cannot restore their Second Amendment rights under existing law, except in limited circumstances, even if they become law-abiding citizens.[2] The Court cannot restore those rights. Only the Legislature can.

C. Complaint

Next, Plaintiff contends the Court erred by considering the memorandum and authorities he submitted along with his Complaint. Plaintiff notes "the verified Complaint" is "the *only document which can be reviewed* under a summary dismissal." (Mot. at 3) (emphasis in original). Plaintiff argues that the Court does not "credit[] the entire factual context of Complaint," because it relied on "legal arguments set forth in a separate Memorandum of Points and Authorities submitted with the complaint." (Mot. at 3-4.)

"Review is generally limited to the contents of the complaint, but a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Here, Plaintiff submitted the memorandum of authorities himself, and accordingly did not indicate that he "question[ed] the authenticity of the document." *See id.* Moreover, Plaintiff submitted the document alongside the Complaint, and titled it: "Memorandum of Points and Authorities in Support of Complaint for Declaratory and Injunctive Relief." (ECF No. 1-2.) The document was filed along

---

[2] Generally, a person sentenced to prison on a felony cannot restore their right to bear arms under the Second Amendment unless they get a Certificate of Rehabilitation and a Pardon by the Governor's Office. *See* California Penal Code § 4852.01.

with the Complaint, referred to the Complaint, and set forth arguments in support of it. (*See generally id.*)   As such, the Court interpreted the document as supporting the Complaint.   Given these circumstances, the Court did not err in relying on the memorandum of points in authorities in addition to the Complaint.

D. Stare Decisis: *Heller* and *Vongxay*

Finally, in the Order dismissing Plaintiff's Complaint, the Court relied on Ninth Circuit and Supreme Court precedent upholding the constitutionality of laws barring felons (*i.e.,* a person who has suffered a prior felony conviction) from possessing or owning firearms.   Plaintiff contends reconsideration is warranted because the Court erred in relying on that precedent.

First, the Court relied on *Heller v. District of Columbia*, where the Supreme Court stated, "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on possession of firearms by felons."   (Order at 3-4) (quoting 128 S. Ct. 2783, 2816–17 (2008)).   In response, Plaintiff contends that the Court erred because stare decisis does not apply.   To that end, Plaintiff notes that "the Supreme Court has unequivocally stated that '[o]ur precedents are *not sacrosanct*" because decisions and opinions of the Court can change based on *varying and substantial circumstances*."   (Mot. at 6-7) (emphasis in original).   Further, Plaintiff states he is "not asking this Court to overrule any prior judicial decision," but rather "to construe and interpret the Second Amendment in accordance with its plain meaning."   (*Id.* at 7.)   Notwithstanding Plaintiff's arguments, the Complaint seeks an injunction to invalidate laws that impinge on the right of certain individuals to bear arms, specifically, those who have suffered a prior felony conviction and imprisonment.   But in interpreting the Second Amendment, the Supreme Court in *Heller* held that legislative bodies are free to enact laws that prohibit possession of firearms by felons.   *See* 128 S.Ct. at 2816-17.   The precedent in *Heller* can only be changed by the Supreme Court itself and that has not happened.   Accordingly, the Court did not err in dismissing Plaintiff's complaint under *Heller* because that case is squarely on point and binding on this Court.

The Court also set out cases in the Order from the Ninth Circuit which recognize the validity of statutes barring felons from possessing firearms, including *United States v. Vongxay*, *United States v. Smith*, and *United States v. Gilbert*. (Order at 4) (citations omitted). Plaintiff contends the Court impermissibly relied on *Vongxay* because the plaintiff there was "the type of felon who refuses to reeducate themselves in order to become a productive and conforming member of society," in contrast with Plaintiff, who contends he is part of a category of "law abiding, responsible citizens who have a fundamental right to bear arms." (Mot. at 16-17.) Plaintiff's argument does not demonstrate "clear error" by the Court. Notably, the Court relied on *Vongxay* to the extent it recognized decisions within the Ninth Circuit that held *Heller* did not expand the rights of felons to possess firearms. (Order at 4.) *See also United States v. Smith*, 329 Fed. Appx. 109, 111 (9th Cir. 2009) ("*Heller* did not disturb *Lewis*'s narrow holding—that felons have no constitutional right to possess firearms.")

Plaintiff does not provide any new evidence showing that the Court erred in its earlier holding. "Ultimately, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal citation and quotation marks omitted). Accordingly, Plaintiff's motion is denied.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court respectfully denies Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

7

Dated:  August 4, 2020

Hon. Dana M. Sabraw
United States District Judge