1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN ERIC WALKER, | Case No: 20-CV-31-DMS-AGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REOPEN CASE AND MOTION TO FILE AMENDED COMPLAINT; AND DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| UNITED STATES OF AMERICA; THE STATE OF CALIFORNIA, And All Actors, Agents and Elected Officials Thereof, and Does 1 through 100, Respectively, | |
| Defendants. | |

On October 17, 2022, Defendant Steven Walker filed a "Request to Reopen Case Pursuant to Federal Rules of Civil Procedure, Rule 60" and a "Request to File Amended Complaint for Declaratory and Injunctive Relief; Breach of Contract; Facial Challenge to Unconstitutional Laws." (ECF Nos. 14, 15.) The Court construes these requests as a motion to reopen his case and a motion to file an amended complaint, respectively. Defendant also submitted an "Amended Complaint for Declaratory and Injunctive Relief; Breach of Contract; General Challenge to Unconstitutional Laws; Request for Class Action Certification" as part of his motion to file an amended complaint. (ECF No. 15.)

1

Plaintiff's motions to reopen his case and bring an amended complaint rely on the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Based on *Bruen*, Plaintiff requests declaratory judgment, injunctive relief, and class certification. (ECF No. 15, First Amended Complaint, 52.) Defendant's motion to reopen his case and motion to file an amended complaint are hereby **GRANTED**. The Court accepts the First Amended Complaint ("FAC"), as filed as part of his motion. (ECF No. 15.)

## I.
## BACKGROUND

Plaintiff is a non-prisoner proceeding *pro se*. On January 6, 2020, Plaintiff filed a Complaint against the United States, State of California, "And All Actors, Agents, and Elected Officials Thereof; And Does 1 Through 100" and a motion to proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Court granted Plaintiff's motion to proceed in *In Forma Pauperis* and dismissed the Complaint for failure to state a claim. (ECF No. 3.) On May 18, 2020, Plaintiff submitted a motion for reconsideration of summary dismissal of the Complaint, which the Court denied. (ECF Nos. 6, 11.) Plaintiff appealed the Court's denial, and on July 19, 2021, the Ninth Circuit affirmed the decision of the Court. (ECF No 13.) The matter presently before the Court is Plaintiff's First Amended Complaint, which contains the same or substantially similar allegations as those Plaintiff had brought in his original Complaint. As an initial matter, considering Plaintiff's IFP status, the Court conducts a *sua sponte* screening of the FAC, per 28 U.S.C. § 1915(e)(2).

## II.
## DISCUSSION

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845

(9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").[1]

In the First Amended Complaint, Plaintiff alleges violations of his rights under the Second, Ninth, and Tenth Amendments, and breaches of purported contracts implied by the same amendments and constitutional oaths taken by various government officials. Plaintiff argues that "when a person earns their freedom from confinement or is discharged (cleared) from the penalty imposed for *a previous* conviction of crime . . . they have constitutionally satisfied their debt to society" and "are no longer 'criminals' or 'felons.'" (ECF No. 15, First Amended Complaint, ¶ 13.) Plaintiff argues that Defendants, "when enforcing weapons control laws, have exercised powers which are not delegated by the Constitution and, in doing so, have breached their contractual obligations under the Constitution, and encroached upon, denied, or disparaged the constitutionally secured powers and rights of the people." (ECF No. 15, First Amended Complaint, ¶ 15.)

---

[1] A motion to dismiss under Rule 12(b)(6) should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Plaintiff describes himself as a "free, law-abiding, ordinary, tax-paying citizen of the State of California and United States of America," who "does not currently own a firearm (weapon), but seeks to acquire a weapon to keep and bear for in-home and personal self-defense and security, and other lawful purposes of personal safety." (ECF No. 15, First Amended Complaint, ¶ 22.) He continues, "[b]ut for California's and the Federal Governments' encroachments and chilling restrictions on weapons and his reasonable fear of criminal prosecution and penalties for exercising his fundamental right to self-security and safety," he would "immediately acquire and continuously possess a weapon for lawful purposes, including in-home personal security, personal safety, and self-defense." (ECF No. 15, First Amended Complaint, ¶ 22.) Plaintiff seeks to represent a "very large class of citizens (approximately 330 million people) who are subject to the same encroachments, infringements, penalties, and chilling restrictions alleged herein." (ECF No. 15, First Amended Complaint, ¶ 22.)

Plaintiff neglects to plead standing in the FAC. Notwithstanding, the Court is familiar with Plaintiff's criminal history and status as a felon, which he had raised himself in the original Complaint and which the Court discussed in its prior Order Dismissing the Complaint. (ECF No. 3.) Plaintiff was convicted by a jury for the criminal offense of premeditated attempted murder, with use of a firearm. In the FAC, Plaintiff requests that the Court address his "facial challenge to the constitutional validity of the laws in question," divorced from his status as a felon.[2] (ECF No. 15, Motion to File Amended Complaint, 2.) Plaintiff claims the Court did not previously address his more general challenge in its prior order, but he is incorrect. Both in its Order Dismissing Plaintiff's Complaint (ECF No. 3) and its Order Denying Plaintiff's Motion for Reconsideration (ECF No. 11), the Court addressed Plaintiff's general claims regarding the validity of all firearms laws and his request to restore the right not of felons, but law-abiding citizens more generally, to bear

---

[2] Simultaneously, Plaintiff's request amounts to a petition for the Court to restore his personal right to bear arms, even though he is a felon.

4

arms. (ECF No. 3 at 3; ECF No. 11 at 5.) The Court made clear that the distinction does not assist Plaintiff.

Today, Plaintiff essentially sets forth the same arguments. He contends that the Constitution guarantees his right to bear arms, and congressionally enacted laws or court decisions which limit this right are unconstitutional. Specifically, Plaintiff argues that *Bruen* "brings to question the continued validity of this court's summary dismissal and sole reliance on unsubstantiated *dicta* to support its reasoning, which impermissibly relieved the defendants of their constitutional burden to demonstrate how their overreaching regulations as applied generally, or even to plaintiffs current law-abiding conduct, are historically justified." (ECF No. 15, Motion to File Amended Complaint, 2-3.) Plaintiff's arguments ultimately amount to the same claims he raised, and which the Court previously dismissed, in the original Complaint. Plaintiff again seeks to vindicate the constitutional right for himself to bear arms, even though he is a felon, and for individuals, including but not limited to individuals with a felony conviction.

In support of his argument today, Plaintiff argues that *Bruen* should change the result of the Court's prior dismissal. Plaintiff misinterprets *Bruen*. Unfortunately for Plaintiff, *Bruen* still focuses on the right of law-abiding, responsible citizens to use arms for self-defense. 142 S. Ct. 2111, 2118 (2022) (citing *District of Columbia v. Heller*, 554 U.S. at 635, 128 S.Ct. 2783. Pp. 2129 - 2131. While Plaintiff alleges he is presently law-abiding, his status as a felon precludes him from possessing a firearm. Furthermore, *Bruen* neither overturns a long line of precedent nor offers blanket protection for any and all individuals, irrespective of criminal history, against laws and statutes that restrict the Second Amendment. Plaintiff also suggests that the Second Amendment does not limit the right to bear arms to citizens who are law-abiding. (ECF No. 15, First Amended Complaint, ¶ 33, n. 24.) The Court rejects this argument. Both *D.C. v. Heller* and *Bruen* make clear that the right secured by the Second Amendment is not unlimited and longstanding prohibitions on the possession of firearms by felons are not only lawful, but constitutional. *See* 554 U.S.

5

570, 626, 128 S. Ct. 2783, 2816 (2008); *see also* 142 S. Ct. 2111, 2162 (2022) (Kavanaugh, J., concurring).

Finally, courts in this District have considered the same or similar arguments raised by Plaintiff and have arrived at the same outcome. For example, Plaintiff's FAC sets forth similar arguments to those raised in a motion filed in this District by Defendant David Lemont Hill, in *U.S. v. Hill*, Case No. 21cr0107-WHQ, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022). There, Judge William Q. Hayes denied defendant Hill's motion in an order issued September 20, 2022. Having considered Plaintiff's arguments in his motion to file an amended complaint and First Amended Complaint, the Court adopts the thorough and well-reasoned analysis and conclusion issued by Judge Hayes in the *Hill* case, which determined that binding Ninth Circuit precedent was not overruled by *Bruen*, and that the federal felon-in-possession law does not violate the Second Amendment. 2022 WL 4361917, at *2-3.

The Court also directs Plaintiff to its prior Order Dismissing the Complaint and Order Denying Plaintiff's Motion for Reconsideration. (ECF No. 11.) There is still no dispute that Plaintiff has suffered a felony conviction and individuals who have a prior felony conviction like Plaintiff's, cannot restore their Second Amendment rights under existing law, except in limited circumstances not present here, even if they become law-abiding citizens.[3]

## II.
## CONCLUSION

The crux of Plaintiff's FAC has not changed. Plaintiff claims that state and federal governments improperly deny his right to bear arms under the Second Amendment because of his status as a felon and that convicted felons who abide by the law post-conviction have the right to possess firearms. The Ninth Circuit and the Supreme Court have both

---

[3] Generally, a person sentenced to prison on a felony cannot restore their right to bear arms under the Second Amendment unless they get a Certificate of Rehabilitation and a Pardon by the Governor's Office. *See* California Penal Code § 4852.01.

6

1  recognized the validity of laws curtailing the right of a felon to possess firearms and *Bruen*
2  has not changed the result. Consequently, the FAC is hereby **DISMISSED**, with prejudice,
3  for failure to state a claim, and Plaintiff's requests for declaratory judgment, class
4  certification, and injunctive relief are **DENIED** as moot.

5       **IT IS SO ORDERED.**

6  Dated: October 28, 2022

                                           Hon. Dana M. Sabraw, Chief Judge
                                           United States District Court