# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WALKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; MERRICK B. GARLAND, in his official capacity as Attorney General of the United States of America; and DOES 1-100,<br><br>　　　　　　　　　Defendants. | Case No.: 20-CV-00031-DMS-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL; DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

Before the Court is Plaintiff's motion requesting that the Court (1) "vacate" its Order dated October 28, 2022 dismissing Plaintiff's First Amended Complaint with prejudice (ECF No. 16); (2) grant leave to amend his Complaint to name Judge Dana Sabraw and others as defendants; and (3) grant recusal of Judge Dana Sabraw from all proceedings in this Action.[1] (Pl.'s Mot. at 1–2, ECF No. 17.) The Court first considers Plaintiff's request for recusal. The Court **DENIES** Plaintiff's request for recusal for the reasons explained

---

[1] Plaintiff's motion also includes a request for judicial notice. Plaintiff's request for judicial notice is **GRANTED**.

below. The Court then interprets Plaintiff's two remaining requests as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) and **DENIES** the motion for the reasons stated below.

## I.  Background

On January 6, 2020, Plaintiff filed a Complaint alleging that certain federal and state firearm regulations, which prohibit Plaintiff from possessing firearms due to his status as a convicted felon, violate the Second Amendment. (Compl. at ¶ 1, ECF No. 1.) On April 24, 2020, this Court sua sponte dismissed the complaint for failure to state a claim. (Order, ECF No. 3.) Plaintiff appealed the dismissal to the Ninth Circuit, which affirmed dismissal. *Walker v. United States*, 848 F. App'x 744 (9th Cir. 2021) (ECF No. 13). On October 17, 2022, Plaintiff moved to reopen the case (Req. to Reopen Case, ECF No. 14) and filed an amended complaint (ECF No. 15) following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Court granted the motion to reopen, granted leave to file an amended complaint, and sua sponte dismissed the claim again pursuant to 28 U.S.C. § 1915(a). (Order, Oct. 28, 2022, ECF No. 16.) Plaintiff then filed the instant motion requesting, among other things, that this Judge be recused from the case, that the Court "vacate" its Order dated October 28, 2022, and leave to file an amended complaint in order to name this Judge and others as defendants. (Pl.'s Mot. at 1.)

## II.  Motion to Recuse

Plaintiff has failed to show why recusal is warranted here. A federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Recusal is required "only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1990).

Plaintiff argues that recusal is warranted because Judge Sabraw "cannot reasonably exercise fairness or impartiality" (Pl.'s Mot. at 2) and that Judge Sabraw "attacks Plaintiff's

character, classifies him, discriminates against him, and then prejudices him . . . by concluding that his status falls outside the Second Amendment's unqualified command." (*Id.* at 9.) In short, Plaintiff argues that the previous orders issued in this case warrant Judge Sabraw's recusal because those Orders have been unfavorable to Plaintiff. This is not a sufficient ground for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Disfavorable rulings are "proper grounds for *appeal*, not for recusal." *Id.* (emphasis added). Plaintiff is free to appeal an adverse ruling.

Plaintiff further argues that Judge Sabraw "has a personal bias or prejudice toward Plaintiff where he questions the truth of the material allegations that Plaintiff is a free, independent, ordinary, responsible, law-abiding, tax-paying citizen, by assuming that he is a 'felon.'" (Pl.'s Mot. at 2–3.) But it is true that Plaintiff was convicted of a felony in 1990. Plaintiff admits this. (Compl. at ¶ 3, ECF No. 1, "Walker states that on August 9, 1990, he was convicted by a jury of the criminal offense of Premeditated Attempted Murder, with use of a firearm . . . .".) Plaintiff has failed to show grounds for recusal.

The fact that Plaintiff seeks leave to amend his complaint in order to name this Judge as a defendant does not change this conclusion. Plaintiff seeks to bring claims against Judge Sabraw on the basis of his previous adverse rulings. (*See, e.g.*, Pl.'s Mot. at 2–3.) Such claims would be frivolous due to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (explaining that a judge is immune from suit when acting in a judicial capacity). As explained, the standard for recusal is whether a reasonable person might question a judge's impartiality in this situation. "The patently frivolous claims presented" here against Judge Sabraw "leave no room for any rational person to imagine that any bias could underlie" this Court's denial of Plaintiff's motion to recuse. *Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008); *see also Wiesner v. Pro*, No. 13-cv-315, 2013 WL 5308258 (D. Nev. Sept. 18, 2013) (judge dismissing frivolous claim sua sponte without recusing himself despite being a named defendant in the suit). A judge's decision on a motion to recuse must also reflect "the need to prevent parties from too easily obtaining the

disqualification of a judge, thereby potentially manipulating the system . . . to obtain a judge more to their liking." *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989). And although federal law states that a judge "shall disqualify himself" when "[h]e . . . [i]s a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), this Judge is *not* a party to the proceeding at present. Accordingly, Plaintiff's request for recusal is **DENIED**.

### III. Motion to Alter or Amend

Next, Plaintiff seeks leave to amend his complaint to name Judge Sabraw as defendant, along with other Doe defendants, and requests for the Court to "vacate" its previous "erroneous Order and Judgment." (Pl.'s Mot. at 1–2.) The Court interprets these requests together as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) specifically asking the Court to revise its earlier decision denying Plaintiff leave to file an amended complaint.

Rule 59(e) allows a party to file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)). A district court may grant a Rule 59(e) motion if it is "presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Id.* (quoting *Wood*, 759 F.3d at 1121). Although Plaintiff believes that the Court's earlier Order was erroneous, he has not pointed to any intervening change in the controlling law, newly discovered evidence, or any *clear* error in the Order.

"Clear error" for the purposes of a Rule 59(e) motion is a "very exacting standard." *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748, 2011 WL 1935967 (S.D. Cal. May 20, 2011). "Mere doubts or disagreement about the wisdom of" a court's decision will not suffice to show clear error. *Id.* (quoting *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000)). "To be clearly erroneous, a decision must . . . [be] more than just maybe or probably wrong; it must be dead wrong." *Id.* (quoting *Hopwood*, 236 F.3d at 272–73). For

example, in *Kaufmann v. Kijazaki*, a case involving denial of social security benefits, the district court granted a Rule 59(e) motion and acknowledged clear error for failing to read and consider "*all*" pages of the administrative law judge's decisions when it reached its original contrary decision. 32 F.4th at 851. Plaintiff points to no such obvious clear error here. Plaintiff's assertions of error amount to "mere . . . disagreement about the wisdom of" this Court's earlier Order. *Hopwood*, 236 F.3d at 272.

In essence, Plaintiff reasserts his argument that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), compels this Court to reach a different conclusion than the one it did. But *Bruen* did not overrule binding Ninth Circuit precedent upholding felon-in-possession laws such as those Plaintiff challenges. This issue has come up before. In *United States v. Hill*, defendant was charged with being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) & 924(a)(2). *United States v. Hill*, No. 21-cr-107, 2022 WL 4361917, at *1 (S.D. Cal. Sept. 20, 2022). Defendant filed a motion to dismiss arguing that 18 U.S.C. § 922(g)(1) (making it a crime for a person convicted of a felony to possess a firearm) is unconstitutional in light of *Bruen* because "the government cannot 'meet [its] burden to identify an American tradition' that prohibited people with felonies from possessing firearms." Defendant's Motion to Dismiss at 24, *Hill*, 2022 WL 4361917 (No. 21-cr-107), ECF No. 65 (quoting *Bruen*, 142 S. Ct. at 2138 (alteration in original)). The court concluded that "*Bruen* did not 'effectively overrule'" Ninth Circuit precedent upholding the constitutionality of such laws and denied defendant's motion to dismiss. *Hill*, 2022 WL 4361917, at *3.

In *District of Columbia v. Heller*, the Supreme Court explained: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." 554 U.S. 570, 626 (2008). The Court reiterated this point in *McDonald v. Chicago* two years later, saying: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons . . . .'" 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626). Relying on *Heller* and *McDonald*, the Ninth Circuit repeatedly held that felon-in-

5

20-CV-00031-DMS-AGS

possession laws are constitutionally valid. *See, e.g., United States v. Phillips*, 827 F.3d 1171, 1175–76 (9th Cir. 2016) (affirming Ninth Circuit precedent that 18 U.S.C. § 922(g)(1) is constitutional); *United States v. Vongxay*, 594 F.3d 1111, 1116, 1118 (9th Cir. 2010) (concluding that an "examination . . . of historical gun restrictions" supports upholding 18 U.S.C. § 922(g)(1) as constitutional); *cf. Fisher v. Kealoha*, 855 F.3d 1067, 1071 (9th Cir. 2017) (upholding 18 U.S.C. § 922(g)(9), which bars a person with a *misdemeanor* domestic violence conviction from possessing a gun, as constitutional). *Bruen* explained that its holding was "[i]n keeping with *Heller*." 142 S. Ct. at 2126.

As Judge Hayes wrote in *Hill*, this Court is "bound by . . . Ninth Circuit precedent unless that precedent is 'effectively overruled.'" 2022 WL 4361917, at *2 (quoting *Miller v. Gammie*, 335 F.3d 889, 890 (9th Cir. 2003) (en banc)). Precedent is "effectively overruled" when "the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller*, 335 F.3d at 890, 893. *Bruen* was silent on the question of felon-in-possession laws. And *Bruen*'s reasoning is far from being "clearly irreconcilable" with Ninth Circuit authority upholding felon-in-possession laws as constitutional. *See Bruen*, 142 S. Ct. at 2162 (opinion of Kavanaugh, J., concurring) (explaining that *Bruen* should not "be taken to cast doubt on longstanding prohibitions of firearms by felons" which *Heller* characterized as "presumptively lawful regulatory measures" (quoting *Heller*, 554 U.S. at 626, 627 n.26)); *id.* at 2189 (opinion of Breyer, J., dissenting) ("[I] understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding [that laws barring felons from possessing firearms are presumptively lawful]."). Circuit precedent is not overruled or "clearly irreconcilable" just because an intervening Supreme Court case like *Bruen* is in "some tension" with it. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018).

Lastly, the Court stands by its decision to dismiss without leave to amend. Because Plaintiff's claim is squarely foreclosed by binding Ninth Circuit precedent, leave to amend would be futile. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."). Plaintiff is

free to make his arguments on appeal, but they are not a proper basis for a Rule 59(e) motion in this Court.  Therefore, Plaintiff's motion to alter or amend is **DENIED**.

## V. Conclusion and Order

For the foregoing reasons, the Court orders as follows: (1) Plaintiff's motion to recuse is **DENIED**; (2) Plaintiff's motion to vacate judgment and for leave to file an amended complaint, which the Court interprets as a motion to alter or amend under Rule 59(e), is **DENIED**.  This is a final judgment in this matter. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated:  April 6, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court