1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   STEVEN WALKER,                          Case No.:  20-cv-00031-DMS-AGS

12                            Plaintiff,      **ORDER DENYING PLAINTIFF'S**
13   v.                                       **MOTION TO VACATE JUDGMENT**

14   ROB BONTA, in his official capacity as
     Attorney General of the State of
15   California; MERRICK B. GARLAND, in
     his official capacity as Attorney General
16   of the United States of America; and
     DOES 1-100,
17
18                            Defendants.
19
20
21
22          Pending before the Court is Plaintiff's Motion to Vacate Judgment pursuant to

23   Federal Rule of Civil Procedure 60(b).  (ECF No. 26.)  Plaintiff argues that the Court's

24   previous orders dismissing Plaintiff's Complaint for failing to state a claim (ECF No. 16)

25   and affirming dismissal of the complaint (ECF No. 25) are void because (a) the Court

26   "lacked jurisdiction" to issue those orders, and (b) the Court erroneously relied on a

27   previously vacated order in issuing the subsequent orders filed at ECF Nos. 16 and 25.  For

28   the reasons explained below, the Court **DENIES** Plaintiff's motion.

## I.    BACKGROUND

On January 6, 2020, Plaintiff filed a Complaint alleging that certain federal and state firearm regulations, which prohibit Plaintiff from possessing firearms due to his status as a convicted felon, violate the Second Amendment.  (Compl. at ¶ 1, ECF No. 1.)  On April 24, 2020, this Court sua sponte dismissed the complaint for failure to state a claim.  (Order, ECF No. 3.)  Plaintiff appealed the dismissal to the Ninth Circuit, which affirmed dismissal. *Walker v. United States*, 848 F. App'x 744 (9th Cir. 2021) (ECF No. 13).  On October 17, 2022, Plaintiff moved to reopen the case (Req. to Reopen Case, ECF No. 14) and filed an amended complaint (ECF No. 15) following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).  The Court granted the motion to reopen, granted leave to file an amended complaint, and sua sponte dismissed the claim again pursuant to 28 U.S.C. § 1915(a).  (Order, Oct. 28, 2022, ECF No. 16.)

On November 22, 2022, Plaintiff then filed a motion requesting (a) that the undersigned judge be recused from the case, (b) that the Court "vacate" its Order dated October 28, 2022, and (c) that the Court grant Plaintiff leave to file an amended complaint naming the undersigned judge and others as defendants.  (Pl.'s Mot. to Vacate, ECF No. 17.)  The Court interpreted Plaintiff's motion to vacate as a Rule 59(e) motion,[1] and denied the motion.  (Order, Apr. 6, 2023, ECF No. 25.)  On April 28, 2023, Plaintiff timely filed the instant Rule 60(b) motion.  (Pl.'s Mot. to Vacate (hereinafter, "Pl.'s Mot."), ECF No.

---

[1] Plaintiff argues that the Court "purposefully misconstrued" his first motion to vacate (ECF No. 17) as a motion to alter or amend under Federal Rule of Civil Procedure 59(e) rather than a motion for relief from judgment under Rule 60(b). (Pl.'s Mot. at 2 n.1, ECF No. 26.)  Generally, a motion to modify or reconsider an earlier order, including a motion stylized as a "motion to vacate," "is construed under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order."  *Nguon v. Glynn*, No. 21CV2113-CAB (JLB), 2022 WL 17652837, at *1 (S.D. Cal. Dec. 13, 2022) (construing "motion to vacate" under Rule 60(b) because it was brought more than 28 days after the challenged order was entered).  The Court accordingly construed Plaintiff's Motion to Vacate (ECF No. 18) under Rule 59(e) because it was filed on November 22, 2022, within 28 days of the Order dated October 28, 2022.  The Court did not "intentionally mislabel[]" Plaintiff's motion. (Pl.'s Mot. at 2 n.1.)  Further, it is not clear that the Rule 60(b) standard meaningfully differs from the Rule 59(e) standard in this context.

26.)  On June 9, 2023, Plaintiff filed a notice of appeal to the Ninth Circuit.  (ECF No. 27.)  On July 31, 2023, the Ninth Circuit ordered that appellate proceedings be held in abeyance until this Court resolved Plaintiff's Rule 60(b) motion.  (ECF No. 30.)  On September 1, 2023, Plaintiff filed a request for the court to expedite its decision.  (ECF No. 31.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) empowers a district court to set aside a judgment for any of the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Rule 60 reconsideration is generally appropriate in three instances:" (1) "when there has been an intervening change of controlling law," (2) "new evidence has come to light," or (3) "when necessary to correct a clear error or prevent manifest injustice."  *Nguon v. Glynn*, No. 21CV2113-CAB (JLB), 2022 WL 17652837, at *1 (S.D. Cal. Dec. 13, 2022) (quoting *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)).

## III.   DISCUSSION

Plaintiff argues that this Court should vacate its Orders dated October 28, 2022 (ECF No. 16) and April 6, 2023 (ECF No. 25) (hereinafter, "the Orders") because they are "void," Fed. R. Civ. P. 60(b)(4), and "based on an earlier judgment that has been reversed or vacated," Fed. R. Civ. P. 60(b)(5).  The Court disagrees for the reasons explained below.

### A. Rule 60(b)(4)—Voidness

A judgment is void "only . . . where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'"  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985)).  A total want of jurisdiction exists when the court issuing the judgment lacked jurisdiction over the

20-cv-00031-DMS-AGS

general subject matter, *Watts*, 752 F.2d at 409, lacked personal jurisdiction over the parties, *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255–56 (9th Cir. 1980), or "acted in a manner inconsistent with due process of law," *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).

Plaintiff raises no valid ground for challenging the validity of the Orders.  First, it is uncontested that the Court had subject matter jurisdiction over Plaintiff's Second Amendment claim.  The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for federal-question jurisdiction and section 1332 provides for diversity of citizenship jurisdiction.  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  Plaintiff's Second Amendment challenge raised a federal question arising under the Constitution of the United States.  Plaintiff also cannot challenge personal jurisdiction as the plaintiff who initiated this suit.  *See Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 818 (W.D. Mich. 2002) ("A court may lack personal jurisdiction over a defendant, but never over a plaintiff, who consents to such jurisdiction by filing suit.").

Plaintiff further raises no plausible due process challenge.  "A judgment may be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment." *In re Ctr. Wholesale, Inc.*, 759 F.2d at 1448.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, (1950).  Plaintiff does not assert that he lacked notice or an opportunity to be heard in this Court's adjudication of his claim.

Plaintiff's arguments for why this Court lacks jurisdiction lack merit.  First, Plaintiff argues that the Orders are both "based on . . . the previously vacated order and judgment utilizing the Constitutionally restricted use of a means-end scrutiny" and are therefore "invalid for want of jurisdiction."  (Pl.'s Mot. at 7–8.)  Plaintiff appears to argue that the

Orders improperly relied on the Court's Order dated April 24, 2020 (ECF No. 3) dismissing Plaintiff's original complaint.  The Court disagrees.  The mere fact that the Court's Order dismissing Plaintiff's amended complaint in 2022 (ECF No. 16) reached the same result (dismissal) as the Court's Order dismissing the original complaint in 2020 (ECF No. 3) does not mean that the Court's 2022 Order was "based upon" its 2020 order.  In fact, the Court granted Plaintiff's motion to file an amended complaint in 2022 precisely because the Court recognized that the Supreme Court's *Bruen* decision "fundamentally changed Second Amendment jurisprudence."  *Renna v. Bonta*, No. 20-cv-02190-DMS-DEB, 2023 WL 2846937, at *4 (S.D. Cal. Apr. 3, 2023), *appeal docketed*, No. 23-55367 (9th Cir. Apr. 20, 2023).  Nonetheless, this Court concluded that the felon-in-possession laws Plaintiff challenged survive constitutional scrutiny even in light of *Bruen*.  And this Court was not alone in so holding.  It appears every district court within the Ninth Circuit which has addressed the constitutionality of federal felon-in-possession laws following *Bruen*—from California to Montana to Arizona to Alaska—has concluded such laws are constitutional.[2]

_____

[2] *See, e.g.*, *United States v. Filoialii*, No. 3:21-CR-00052-JMK, 2023 WL 5832153 (D. Alaska Sept. 8, 2023); *United States v. Robinson*, No. 2:22-CR-00212-TL, 2023 WL 5634712 (W.D. Wash. Aug. 31, 2023); *Long v. Garland*, No. 3:23-CV-710-YY, 2023 WL 5624147 (D. Or. Aug. 31, 2023); *United States v. Saba*, No. 1:22-cr-00248-AKB, 2023 WL 5333255 (D. Idaho Aug. 17, 2023); *United States v. Owens*, No. 3:23-CR-00026-SLG-KFR, 2023 WL 5291341 (D. Alaska Aug. 17, 2023); *United States v. Hatch*, No. 23-CR-1201-CAB, 2023 WL 5020270 (S.D. Cal. Aug. 7, 2023); *United States v. Estrada*, No. 1:22-CR-00256-BLW, 2023 WL 4181325 (D. Idaho June 26, 2023); *United States v. Pineda*, No. 6:21-cr-00482-AA, 2023 WL 4053583 (D. Or. Jun. 16, 2023); *United States v. Bulltail* (*Bulltail I*), No. CR22-86-BLG-SPW-1, 2023 WL 3947823 (D. Mont. Jun. 12, 2023); *United States v. Sais*, No. 22-CR-2456-GPC, 2023 WL 3510406 (S.D. Cal. May 17, 2023); *United States v. Chatman*, No. 22-cr-00453-CRB-1, 2023 WL 3509699 (N.D. Cal. May 16, 2023); *United States v. Villalobos*, No. 3:19cr-00040-DCN, 2023 WL 3044770 (D. Idaho Apr. 21, 2023); *United States v. Guthery*, No. 2:22-cr-00173-KJM, 2023 WL 2696824 (E.D. Cal. Mar. 29, 2023); *United States v. Cleveland-McMichael*, No. 3:21-CR-00119-SLG, 2023 WL 2613548 (D. Alaska Mar. 23, 2023); *United States v. Kilgore*, No. 1:21-cr-00277-JLT-SKO, 2023 WL 2505012 (E.D. Cal. Mar. 14, 2023); *United States v. Davis*, No. 1:21-cr-00206-ADA-BAM-1, 2023 WL 2505039 (E.D. Cal. Mar. 14, 2023); *United States v. Barber*, No. 3:22-CR-00065-SLG-MMS, 2023 WL 2140526 (D. Alaska Feb. 21, 2023), *reconsideration denied*, No. 3:22-CR-00065-SLG-MMS, 2023 WL 4157177 (D. Alaska June 23, 2023); *United States v. Jackson*, No. CR22-37-RSL, 2023 WL 1967199 (W.D. Wash. Feb. 13, 2023); *United States v. Jackson*, No. CR-22-01969-TUC-JGZ-JR, 2023 WL 1965424 (D. Ariz. Feb. 13, 2023); *United States v. Serrano*, No. 21-cr-1590-JLS, 2023 WL 2297447 (S.D.

1    Second, Plaintiff argues that this Court's Orders are "void for want of jurisdiction"

2    because Plaintiff disagrees with the Court's analysis.  (Pl.'s Mot. at 8–12, "Judge Sabraw

3    intentionally refused to conduct the textual and historical approach constitutionally

4    required.  This type of conduct is a usurpation of power.")  However, "[j]urisdiction is the

5    power to adjudicate a case upon the merits, and dispose of it as justice may require."

6    *Logistics Mgmt., Inc. v. One (1) Pyramid Tent Arena*, 86 F.3d 908, 912 (9th Cir. 1996)

7    (quoting *The Resolute*, 168 U.S. 437, 439 (1897)).  As explained above, this Court has

8    federal question subject-matter jurisdiction over Plaintiff's constitutional challenge.

9    Plaintiff may disagree with the Court's analysis and conclusion, but he makes no serious

10   argument that this Court lacked jurisdiction over his claim.  To the extent that Plaintiff

11   disagrees with the Court's conclusion, he is free to raise those arguments on appeal.

12   Finally, Plaintiff argues that the Court's Orders were "void for want of jurisdiction"

13   because they relied on faulty Ninth Circuit precedent (Pl.'s Mot. at 12–15) and on

14   nonbinding dicta from the Supreme Court (Pl.'s Mot. at 15–18).  For the reasons explained

15   above, these are not jurisdictional arguments—they are expressions of disagreement with

16   the Court's analysis which may be properly raised on appeal.

17   **B. Rule 60(b)(5)—Reliance on Previously Vacated or Reversed Judgment**

18   Rule 60(b)(5) permits a court to grant relief from a judgment on the grounds that the

19   "judgment has been satisfied, released or discharged; it is based on an earlier judgment that

20   has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R.

21

22

23   Cal. Jan. 17, 2023); *United States v. Moore*, No. CR20-474, 2023 WL 154588 (D. Or. Jan. 11, 2023);

24   *United States v. Wondra*, No. 1:22-CR-00099-BLW, 2022 WL 17975985 (D. Idaho Dec. 27, 2022);
     *United States v. Butts*, 637 F. Supp. 3d 1134 (D. Mont. 2022); *United States v. Carleson*, No. 3:22-CR-

25   00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *United States v. Ridgeway*, No. 22cr175-
     CAB, 2022 WL 10198823 (S.D. Cal. Oct. 17, 2022); *United States v. Delpriore*, 634 F. Supp. 3d 654 (D.

26   Alaska 2022); *United States v. Siddoway*, No. 1:21-cr-00205-BLW, 2022 WL 4482739 (D. Idaho Sept.
     27, 2022); *United States v. Perez*, No. 21-cr-508-CAB-1, 2022 WL 17484969 (S.D. Cal. Sep. 26, 2022);

27   *United States v. Hill*, 629 F. Supp. 3d 1027 (S.D. Cal. 2022); *United States v. Nevens*, No. CR19-774,
     2022 WL 17492196 (C.D. Cal. Aug. 15, 2022); *United States v. Ramos*, No. 2:21-CR-00395-RGK-1,

28   2022 WL 17491967 (C.D. Cal. Aug. 5, 2022).

Civ. P. 60(b)(5).  The Supreme Court has explained that "Rule 60(b)(5) *may not be used to challenge the legal conclusions on which a prior judgment or order rests*," but that the Rule allows a party to "ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)) (emphasis added).

As explained above, Plaintiff appears to argue that the Orders improperly relied on the Court's Order dated April 24, 2020 (ECF No. 3) dismissing Plaintiff's original complaint, and that therefore, relief under Rule 60(b)(5) is warranted because the Orders are based on the earlier vacated order from 2020.  (Pl.'s Mot. at 7–8.)  The Court disagrees. As noted, the mere fact that the Court's 2022 Order (ECF No. 16) reached the same result— dismissal—as the Court's 2020 Order (ECF No. 3) does not mean that the Court's 2022 Order was "based upon" its 2020 order, or that the 2020 order was a "necessary element" (Pl.'s Mot. at 7) of the Court's 2022 Order.  This Court concluded that Plaintiff failed to state a claim in light of *Bruen* because felon-in-possession laws were constitutional even under *Bruen*'s stricter standard.  The Court reached this conclusion independently of its 2020 pre-*Bruen* Order.  Accordingly, relief under Rule 60(b)(5) is not warranted.

## IV.   CONCLUSION

In *United States v. Vongxay*, the Ninth Circuit held that 18 U.S.C. § 922(g)(1), which prohibits a person from possessing a firearm if that person has previously been convicted of a crime punishable by a term of imprisonment greater than one year, "does not violate the Second Amendment as it applies to Vongxay, a convicted felon."  594 F.3d 1111, 1118 (9th Cir. 2010).[3]  As this Court explained in its previous orders, "*Bruen* did not effectively overrule *Vongxay*," *United States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022)

---

[3] *See also Vongxay*, 594 F.3d at 1114 (explaining that the defendant Peter Vongxay had been previously convicted of three non-violent felonies: two for car burglary and one for drug possession).

(internal quotations omitted), and therefore, *Vongxay* remains binding on this Court.[4]  In accord with every other district court within the Ninth Circuit to decide this issue, this Court reaffirms its conclusion that 18 U.S.C. § 922(g)(1) and other federal and California felon-in-possession laws which Plaintiff challenges remain constitutional in light of *Bruen*.

      For the foregoing reasons, the Court **DENIES** Plaintiff's motion to vacate pursuant to Rule 60(b) and reaffirms its Order dated October 28, 2022 (ECF No. 16) dismissing Plaintiff's complaint with prejudice.

      **IT IS SO ORDERED.**

Dated:  September 19, 2023

 

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[4] See also *United States v. Bulltail* (*Bulltail III*), which observed:

> *Vongxay* did not apply the means-end scrutiny rejected by *Bruen*, which would render *Vongxay* clearly irreconcilable with *Bruen*.  Rather, [*Vongxay*] applied *Heller* to conclude that the felon dispossession statute—§ 922(g)(1)—is constitutional because it is consistent with longstanding limitations on gun possession and because "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) . . . ."

No. CR-22-86-BLG-SPW, 2023 WL 5458780, at *2 (D. Mont. Aug. 24, 2023) (quoting *Vongxay*, 594 F.3d at 1118).

20-cv-00031-DMS-AGS